# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 19, 2014

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

145433

PEOPLE OF THE STATE OF MICHIGAN,
         Plaintiff-Appellee,

v                                                          SC:  145433
                                                           COA:  307480
                                                           Wayne CC:  01-003031-01

JUAN WALKER,
         Defendant-Appellant.

_____/

By order of April 29, 2013, the application for leave to appeal the May 21, 2012 order of the Court of Appeals was held in abeyance pending the decision in *Burt v Titlow*, cert gtd 571 US ___; 133 S Ct 1457; 185 L Ed 2d 360 (2013).  On order of the Court, the case having been decided on November 5, 2013, 571 US ___; 134 S Ct 10; 187 L Ed 2d 348 (2013), the application is again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Wayne Circuit Court for an evidentiary hearing, pursuant to *People v Ginther*, 390 Mich 436 (1973), as to the defendant's contention that his trial counsel was ineffective for failing to inform him of the prosecutor's September 26, 2001 offer of a plea bargain to second-degree murder and a sentence agreement of 25 to 50 years.  See *Missouri v Frye*, 566 US ___; 132 S Ct 1399; 182 L Ed 2d 379 (2012).  To prevail on a claim of ineffective assistance of counsel, a defendant must show:  (1) that his attorney's performance was objectively unreasonable in light of prevailing professional norms; and (2) that he was prejudiced by the deficient performance.  *People v Carbin*, 463 Mich 590, 599-600 (2001).  In order to establish the prejudice prong of the inquiry under these circumstances, the defendant must show that: (1) he would have accepted the plea offer; (2) the prosecution would not have withdrawn the plea offer in light of intervening circumstances; (3) the trial court would have accepted the defendant's plea under the terms of the bargain; and (4) the defendant's conviction or sentence under the terms of the plea would have been less severe than the conviction or sentence that was actually imposed.  *Lafler v Cooper*, 566 US ___; 132 S Ct 1376, 1385; 182 L Ed 2d 398 (2012).

If the defendant establishes that his trial counsel was ineffective in failing to convey the plea bargain as outlined above, the defendant shall be given the opportunity to establish his entitlement to relief pursuant to MCR 6.508(D). If the defendant successfully establishes his entitlement to relief pursuant to MCR 6.508(D), the trial court must determine whether the remedy articulated in *Lafler v Cooper* should be applied retroactively to this case, in which the defendant's conviction became final in October 2005. If available, Judge Thomas Edward Jackson shall preside over the hearing.

The circuit court shall, in accordance with Administrative Order 2003-03, determine whether the defendant is indigent and, if so, appoint counsel to represent the defendant in this matter. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining question presented should be reviewed by this Court.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 19, 2014



s1112

Clerk